

FILED & ENTERED

MAY 17 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Michael Alan Bark and Dena Rae Bark,<br>Debtor. | Case No.:    2:12-bk-25248-ER<br><br>Chapter:    7<br><br>**MEMORANDUM OF DECISION DENYING MOTION TO REOPEN**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

The Court has reviewed the motion captioned *Amended Motion to Reopen Chapter 7 Case for the Purpose of Avoiding Judgment Lien of Asset Acceptance, LLC Under 11 U.S.C. Section 522(f); Declaration of Debtors* [Doc. No. 58] (the "Motion to Reopen") filed by Michael Alan Bark and Dena Rae Bark (the "Debtors"). Pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule ("LBR") 9013-1(j)(3), the Court finds this matter suitable for disposition without oral argument. For the reasons set forth below, the Motion to Reopen is **DENIED.**

## I. FACTS AND SUMMARY OF PLEADINGS

The Debtors filed a voluntary chapter 7 case on April 30, 2012 (the "Petition Date"). On June 6, 2012, the chapter 7 trustee issued his *Report of No Distribution*. On September 21, 2012, the Court entered the Debtors' discharge [Doc. Nos. 16 & 17]. The Debtors' case was closed on October 2, 2012.

On August 8, 2018, the case was reopened to allow the Debtors to file a motion to avoid a judicial lien against their residential real property located at 1217 6th Street, Manhattan Beach, CA 90266 (the "Property") [Doc. No. 21].

### A. Summary of Efforts to Avoid Judicial Lien

On September 12, 2018, the Debtors filed a *Motion to Avoid Lien Under 11 U.S.C. § 522(f) (Real Property)* [Doc. No. 25] (the "First Lien Avoidance Motion"). For the reasons set forth in this Court's *Order Denying Without Prejudice Debtors' Motion to Avoid Lien Under § 11U.S.C. § 522(f) (Real Property)* [Doc. No. 26], this Court denied the First Lien Avoidance Motion without prejudice to the Debtors refiling an amended motion.

On October 26, 2018, the Debtors filed a second *Motion to Avoid Lien Under 11 U.S.C. § 522(f) (Real Property)* [Doc. No. 31] (the "Second Lien Avoidance Motion"). For the reasons set forth in this Court's *Order Denying Without Prejudice Debtors' Motion to Avoid Lien Under 11 U.S.C. § 522(f) (Real Property)* [Doc. No. 34] (the "Order Denying Second Lien Avoidance Motion"), this Court denied the Second Lien Avoidance Motion without prejudice to the Debtors refiling an amended motion. However, that Order stated that "[i]f the Debtors fail to obtain approval of an amended motion, the Court's denial will be with prejudice." *Id.*

On February 15, 2019, the Debtors filed their third *Motion to Avoid Lien Under 11 U.S.C. § 522(f) (Real Property)* [Doc. No. 37] (the "Third Lien Avoidance Motion"). On February 25, 2019, the Debtors filed a *Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate* [Doc. No. 40] (the "Impose Stay Motion") and a related *Application for Order Setting Hearing on Shortened Notice* [Doc. No. 41] (the "App for OST"). For the reasons set forth in the Court's February 27, 2019 *Memorandum of Decision*, this Court denied the Impose Stay Motion and the Third Lien Avoidance Motion with prejudice. *See* Doc. Nos. 42 & 43. The case was closed on March 18, 2019. *See* Doc. No. 48.

On April 12, 2021, the Debtors filed their Motion to Reopen. The Debtors again request that this Court reopen their case so that they can file a Fourth Lien Avoidance Motion to avoid the same lien that was at issue in the prior three Lien Avoidance Motions (the "Asset Acceptance Lien"). The Debtors argue that "cause" exists because the Asset Acceptance Lien impairs the exemptions to which the Debtors are entitled. Motion to Reopen at 7.

## II. Findings and Conclusions

Section 350(b) provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." In *Cortez v. American Wheel (In re Cortez)*, 191 B.R. 174, 179 (B.A.P. 9th Cir. 1995), the court found that it was appropriate to deny a motion to reopen where there was no legal basis for granting the relief sought by the debtors. In *Cortez*, the debtors sought to reopen their Chapter 7 case to avoid a creditor's lien and to enjoin the creditor's foreclosure action. *Id.* at 176. Examining the facts of the case, the *Cortez* court found that the debtors would not be able to avoid the creditor's lien or to enjoin the foreclosure action. *Id.* at 177–79. Given the debtors' inability to obtain the relief they were seeking, the court upheld denial of the motion to reopen. *Id.* at 179. *See also Kvassay v. Kvassay (In re Richard Stephen Kvassay)*, No. 2:11-BK-11698-DS, 2016 WL 5845674, at *3 (B.A.P. 9th Cir. Oct. 6, 2016) ("[W]hen the undisputed facts in the record unequivocally establish that reopening the case would be a 'pointless exercise,' the bankruptcy court may deny the motion to reopen on that basis") (citing *Beezley v. Cal. Land Title Co. (In re Beezley)*, 994 F.2d 1433, 1437 (9th Cir. 1993)).

Here, the Debtors have failed to establish cause to reopen the case. The Debtors seek reopening so that they can file a Fourth Lien Avoidance Motion. The Motion to Reopen states that the lien the Debtors would like to avoid is again the Asset Acceptance Lien. Motion to Reopen at 2. However, the Court denied the Debtors' Third Lien Avoidance Motion with prejudice, and the Debtors failed to timely appeal the Court's denial. *See* Doc. No. 42. Having given the Debtors three prior opportunities to avoid the same lien, and having denied the Third Lien Avoidance Motion with prejudice, the Court finds that no purpose would be served by reopening the case. Reopening the case would be a "pointless exercise." *Beezley*, 944 F.2d at 1437.

## III. Conclusion

Based upon the foregoing, the Motion to Reopen is **DENIED**. The Court will prepare and enter an order consistent with this Memorandum of Decision.

###

Date: May 17, 2021

Ernest M. Robles
United States Bankruptcy Judge